|  | UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO |  |
|---|---|---|
| NANCY COLON ADORNO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SOCIEDAD ESPAÑOLA DE AUXILIO MUTUO Y BENEFICENCIA DE PUERTO RICO, et al.,<br><br>Defendants. | | Civil No. 03-1829(JAF)<br><br>(Consolidated with 04-1562(JAF)) |

**O R D E R**

Defendant Auxilio Mutuo moves for reconsideration of this court's June 3, 2005, Opinion and Order denying its motion to dismiss the complaint for failure to state a claim and lack of subject matter jurisdiction. Docket Document No. 164.

"Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law or fact, present newly-discovered evidence, or when there is an intervening change in the law." Standard Química de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202, 205 (D.P.R. 1999) (citing Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994). Defendant has made no showing, nor do we find, that any such circumstance is presented here.

Defendant's motion puts forward evidence correcting a factual ambiguity in our June 3, 2005 Opinion and Order. We stated, "On

Civil No. 03-1829 (JAF)                                           -2-

August 15, the Oncology Unit at UDH communicated that they would be able to receive Decedent for treatment at 3:00 P.M. Accordingly, Defendant Rodríguez ordered Decedent's transfer from Auxilio Mutuo to UDH at 12:45 PM. Decedent's transfer to UDH was initiated at 8:30 PM."

In response, Defendant Auxilio Mutuo points to an exhibit submitted at Docket Document No. 144, translated at Docket Document No. 161, that indicates that UDH was unable to accept Decedent's transfer until 7:30 PM. Docket Document No. 164.

As a preliminary matter, we note that Defendant Auxilio Mutuo may be responding to an ambiguity in our phrasing. We based this portion of our synopsis on Defendants Villafaña, Colón, and IDG's Statement of Uncontested Facts, in which they asserted, "Dr. Dávila from UDH accepted Mr. Miranda for transfer to the Oncology Unit at 3:00 PM." Docket Document No. 120, ¶2(E). In our synopsis, we intended only to convey that at 3:00 PM, UDH communicated its ability to receive Decedent that day, not that UDH was prepared to receive Decedent exactly at 3:00 PM.

More importantly, to the extent that Defendant Auxilio Mutuo seeks for us to reconsider our denial of its Motion to Dismiss, the chronology of events on August 15, 2002- and in fact, the entire factual record- is totally irrelevant to our consideration of a motion to dismiss for failure to state a claim. As we explained in great detail in our Opinion and Order, Plaintiff's claim need only "include a federal claim within its four corners" to survive a Rule 12(b)(1) motion. Docket Document No. 163. We are mystified by

Civil No. 03-1829 (JAF)                                                -3-

Defendant Auxilio Mutuo's inability to grasp the relevant analytical framework for a motion to dismiss, a difficulty that has become a recurrent theme in these proceedings. <u>Docket Document No. 163</u>.

Interpreted favorably, Defendant Auxilio Mutuo may be asking us to reconsider our decision regarding Defendants Villafaña, Colón, and IDG's motion for summary judgment.  Firstly, it is far from clear whether a party may beg for reconsideration of a decision regarding a co-party's motion.  Secondly, a cursory reading of the Opinion and Order reveals that the chronology of events regarding when UDH indicated its ability to receive Decedent was not germane to our decision to deny the motion, which was based on our finding that Defendants Villafaña, Colón, and IDG had failed to establish the absence of a material fact regarding whether Decedent's transfer was effected through qualified personnel and transportation equipment.

We, therefore, **deny** Defendant's motion for reconsideration.  No further motions for reconsideration will be entertained by this court with regards to our June 3, 2005 Opinion and Order.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 12th day of August, 2005.

                                        S/ José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge